## Elmer H. Littlefield v. Bruce Todd.

njunction — *Restraining Order — Not Lie, When.* On September 16, 1893, A settled upon a tract of land, under the third section of the act of congress of May 14, 1880. On October 7, 1893, B made a homestead entry at the local land office of said tract of land. On March 15, 1894, A, in the absence of the district judge, obtained of the probate judge of K county, a restraining order, restraining B from settling upon and improving the tract of land in dispute between said A and B. On March 20, 1894, B filed a motion in the district court to dissolve the temporary restraining order issued by the probate judge, and said motion was allowed and the restraining order dissolved.. *Held,* That it was not error to dissolve such restraining order for the reason that B, by virtue of his homestead entry, had a right to the joint use and occupancy of the land until such time as the land department should determine which of the contestants is, under the homestead law, entitled to the land in dispute.

*Appeal from the District Court of K County.*

*Exline & Mechline,* for appellants.
*Hoggatt & Caruthers,* for appellee.

The opinion of the court was delivered by

DALE, C. J.: The appellant instituted this cause in the district court of K county, ·on the 15th day of March, 1894, for the purpose of obtaining an injunc-· tion against the appellee, to restrain said appellee from going upon, or in any wise interfering with, the possession of appellant in lots one and two and the south half of the north-east quarter of section two, township twenty-seven, north of range two, east, in K county. It appears from the record before us that, on September 16, 1893, and after the hour of twelve o'clock, noon, appellant settled upon said tract of land under the third section of the act of congress of May 14, 1880, and proceeded to cultivate and improve portions thereof; that, on the 7th day of October, 1893, appellee made homestead entry thereof, at the local land office at Perry, Oklahoma; that, on the 10th day of December, following, appellant instituted a contest· proceeding against the entry so made, alleging a prior settlement and cultivation of the land, and claimed that he was entitled to the homestead entry by reason thereof.

It further appears that, on the 1st day of November, 1893, the appellee built a fence around the land, and afterwards proceeded to use and cultivate portions of the land which had not been theretofore cultivated or used by appellant. To restrain appellee from going upon the tract of land, or using the same in any way, the appellant instituted, in the district court of K county, this action, and in the absence of the judge of the district court, obtained from the probate court an order restraining the appellee from any use or occu- pancy of the tract of land in dispute between said parties. The order so made by the probate court, was, upon motion, by the district court dissolved, and appellant brings this case here, and assigns as error, (1) that said district court erred in sustaining the

motion of appellee to vacate and dissolve the temporary injunction; (2) that the court erred in granting the order vacating and dissolving the temporary injunction in said action.    The two assignments will be considered together.

In *Peckham v. Fought*, 2 Okla. Rep. 173, the question of the rights of parties claiming under the settlement act of May 14, 1880, and also under the general provisions of the homestead law of May 20, 1862, to the possession and occupancy of land when settled and filed upon by adverse claimants, was by this court discussed at some length.

It is strenuously insisted by appellant that this court in the opinion heretofore rendered, failed to properly apply the laws of congress; and that a settler under the third section of the act of May 14, 1880, by virtue of his settlement and occupancy, has the exclusive right to possess and use a tract of land so settled upon, as against any person who attempts, either by settlement or filing, to obtain a right in the land, made at a time subsequent to the date of such settlement.    Should this contention prevail, it would, in effect, make the courts of this territory a medium through which these inceptive rights to land would be adjudicated.    Thus, where adverse claimants contesting for a tract of land, both of whom might be settlers upon the same, and neither of whom had extended his settlement right by filing an entry, might come into the courts and assert a priority of claim and the courts would be called upon to determine the matter of the priorities between the two individual claimants and thus dispossess one of said parties, and thereby, in advance of the action of the land department, determine rights which have been left exclusively within the land deparment.    Or, as in this case, appellant. having settled upon the land on the 16th day of September, the appellee not having filed his homestead

entry until the 7th day of October following, if appellant's contention be true, it would be the duty of the court to prevent appellee from proceeding under the entry made at the land office, and thereby, in effect, deprive him of a right which the law of congress expressly provides he may have. This contention cannot be maintained. Appellant settled upon the land under an act of congress, which, in the absence of a better right, assuming that appellant is qualified to enter the land, will ultimately have to be determined by the land department in appellant's favor; but appellee having filed his entry at the local land office for lands unappropriated, it follows that if we shall give effect to the homestead act of May 20, 1862, he must be permitted to exercise his right of residence upon, and cultivation of such portions of the land as are not in actual use by an adverse claimant. Each of the claimants are upon the land under a law of congress. For the courts to determine which of the parties has the better right, would be an invasion of the jurisdiction delegated by congress to the land department. As between adverse settlers upon homestead lands, both of whom are there under the laws of congress, the courts of this territory will leave the question of the respective rights of said parties to be determined by the tribunal which has been created by congress for the settlement of such questions. After such question is so determined by such tribunal, the courts may, if called upon, give effect to the decision of the land department, and will, in the meantime, if necessary, prevent either party from acts of aggression towards the other. But beyond these lines the courts cannot act.

The judgment of the lower court is affirmed.

Bierer, J., having heard the case when presented below, not sitting; all the other Justices concurring.